COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO. 2-06-169-CR

                                        NO. 2-06-170-CR

 

 

LESLIE
ALLEN FOSTER                                                         APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Leslie Allen Foster entered an open
plea of guilty to burglary of a habitation and aggravated robbery of an elderly
person.  The trial court convicted
Appellant and sentenced him to twenty years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice (TDCJ) on the burglary conviction and thirty years=
confinement in the Institutional Division of 
the TDCJ on the aggravated robbery conviction, with the sentences to run
concurrently.

In each case, Appellant=s court‑appointed
appellate counsel has filed a motion to withdraw as counsel and a brief in
support of that motion.  In his brief,
counsel has reviewed the history of the case, including detailing the evidence
presented.  Counsel=s brief
and motion meet the requirements of Anders v. California[2]
by presenting a professional evaluation of the record demonstrating why there
are no reversible grounds on appeal and referencing any grounds that might
arguably support the appeal.[3]  Although this court gave Appellant the
opportunity to file a pro se brief, he did not file one.








In our duties as a reviewing court, we must
conduct an independent evaluation of the record to determine whether counsel is
correct in determining that the appeal is frivolous.[4]  Only then may we grant counsel=s motion
to withdraw.[5]  Because Appellant entered an open plea of
guilty, our independent review for potential error is limited to potential
jurisdictional defects, the voluntariness of Appellant=s plea,
error that is not independent of and supports the judgment of guilt, and error
occurring after entry of the guilty plea.[6]       We have carefully reviewed the record and
counsel=s
brief.  We agree with counsel that these
appeals are wholly frivolous and without merit. 
We find nothing in the record that might arguably support the appeals.[7]

Consequently, we grant the motion to withdraw in
each case and affirm the trial court=s
judgments. 

 

PER CURIAM

PANEL F:    DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  July 5, 2007











[1]See Tex. R. App. P. 47.4.





[2]386 U.S. 738, 87 S. Ct. 1396 (1967).





[3]See Mays v. State, 904 S.W.2d 920, 922‑23 (Tex. App.CFort Worth 1995, no pet.).





[4]See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays,
904 S.W.2d at 923.





[5]See Penson v. Ohio, 488 U.S. 75, 83‑84, 109 S. Ct. 346, 351 (1988).





[6]See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); Young v. State, 8
S.W.3d 656, 666-67 (Tex. Crim. App. 2000).





[7]See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).